IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR72** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **RUSSELL BILLINGSLEY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 33) issued by Magistrate Judge F.A. Gossett recommending that the motion to dismiss (Filing No. 20) filed by the Defendant, Russell Billingsley, be denied. Billingsley filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 35, 36) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

On February 21, 2008, Billingsley was charged in a one-count Indictment with conspiracy to distribute and possess with intent to distribute oxycodone. The Indictment alleges that the period of the conspiracy was from an unknown date but at least as early as December 1, 2004, through March 1, 2005. (Filing No. 1.) Billingsley argues that his case should be dismissed for pre-indictment delay under the Fifth and Sixth Amendments.

Oral argument was heard on the motion. The only evidence is a stipulation that Jerry Holley was arrested on June 1, 2005; Billingsley was indicted in February of 2008; and Billingsley was arrested in August of 2008.[1] (Tr. at 7.) Judge Gossett issued oral findings of fact and conclusions of law and a brief Report and Recommendation in which he recommended that the motion to dismiss be denied. Judge Gossett concluded that

---

[1] The record shows that the date of indictment was February 21, 2008, and Billngsley's arrest date was August 5, 2008. (Filing Nos. 1, 17.)

Billingsley's claims of Fifth Amendment due process and Sixth Amendment violations both lack merit. (Filing Tr., at 8-17; Filing No. 33.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Jerry Holley was arrested and gave information about Billingsley in June of 2005. The government indicted Billingsley on February 21, 2008, and he was arrested on August 5, 2008. The dates of the alleged offense range from an unknown date but at least from December 1, 2004, through March 1, 2005. There are no objections to the facts as Judge Gossett stated them. The Court adopts Judge Gossett's factual findings .

## ANALYSIS

*Fifth Amendment*

Billingsley objects to Judge Gossett's conclusion that his Fifth Amendment argument lacks merit. In support of his argument, Billingsley states:

> The Defendant has experienced actual prejudice in this case, in that his memory, as well as any potential witnesses' memories have faded *or could have faded*. It appears that the parties involved in this case are all involved with drug use, and as a result, their own memories are *probably* more prone to inaccuracies then [sic] the average person. The main and apparently only witness, against Mr. Billingsley, has been incarcerated for a like crime, and as such, his testimony should be viewed through a jaundiced eye.

(Filing No. 36, at 2 (emphasis added).)

The Eighth Circuit summarized a defendant's burden in a pre-indictment claim as follows:

> [A defendant] must establish the delay resulted in actual and substantial prejudice to the presentation of the defense and the government intentionally delayed . . . indictment either to gain a tactical advantage or to harass . . . . The court will inquire into the reasons for delay only where actual prejudice has been established. To establish actual prejudice, a defendant must identify witnesses or documents lost during the delay period. However, actual prejudice cannot be established by defendant's speculative or conclusory claims of possible prejudice as a result of the passage of time. The defendant carries the burden to show the lost testimony or information is not available through other means.

*United States v. Gladney,* 474 F.3d 1027, 1031 (8th Cir. 2007) (citations omitted).

Clearly, Billingsley failed to meet his burdens. He has produced no evidence showing actual and substantial prejudice or that the government intentionally delayed his indictment to gain a tactical advantage or harass him. He has only made vague conclusory statements regarding the possible loss of memory of potential witnesses without producing any corroborating evidence.

*Sixth Amendment*

Billingsley's Sixth Amendment claim, which is more analogous to a speedy trial or right to compulsory process claim, is analyzed under the test set out in *Barker v. Wingo,* 407 U.S. 514, 530 (2006), that considers the following factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *United States v. Jackson,* 446 F.3d 847, 849-51 (8th Cir. 2006). Billingsley produced no evidence regarding the reason for the delay or prejudice to him as a result of the alleged delay. Again, he only raises conclusory allegations.

## CONCLUSION

For the reasons stated, the Report and Recommendation is adopted in its entirety, the Defendant's objections are overruled, and the Defendant's motion to suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 33) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 35) is denied;

3. The Defendant's Motion to Dismiss (Filing No. 20) is denied.

DATED this 7th day of November, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge